IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-14394-CIV-MOORE/LYNCH

MARGARET RUTH BRADY, individually
and as Personal Representative of the
ESTATE OF FRANK BRADY, JR.,

      Plaintiff,

vs.

THE CHRYSLER GROUP, formally known
as DAIMLER-CHRYSLER, INC., et al.,

      Defendants.
_____/

**ORDER DENYING DEFENDANT CHRYSLER LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

THIS CAUSE came before the Court upon Defendant Chrysler LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, to Dismiss Counts III and IV(dkt # 12) and Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery (dkt # 23).

UPON CONSIDERATION of the Motion, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

On December 21, 2005, Frank Brady, Jr. ("Brady") was driving his vehicle, a 2005 Dodge Ram 3500, southbound on State Road 441 in Okeechobee County, Florida.[1] Tommy Fralix ("Fralix") was a passenger in the vehicle. Brady's vehicle was struck by an oncoming vehicle that veered across the center line. After the initial impact, Brady's vehicle came to rest in a ditch on the northbound side of the road. Brady, who was wearing his seatbelt, died approximately 40 minutes

---

[1] The facts here are taken from the complaint.

after the collision during the extrication process by Okeechobee Fire and Rescue. Fralix sustained only minor injuries. Although both airbags deployed, Plaintiff alleges that the airbags deployed late. Plaintiff further alleges that the late deployment of the airbags and failure of the seat belt caused the injuries resulting in Brady's death. Margaret Brady ("Plaintiff"), individually and as decedent's representative, brings this action seeking damages under theories of strict liability, negligence, loss of consortium and breach of warranty.

## II.   ANALYSIS

### A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

As the Eleventh Circuit explained in Morrison v. Amway Corp.:

> Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms, 'facial' and 'factual' attacks. Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits.

323 F.3d 920, 925 n.5 (11th Cir. 2003). Defendant's Motion to Dismiss (dkt # 12) is a factual attack because it requires this Court to consider extrinsic evidence pertaining to the citizenship of Chrysler. An LLC is a citizen of every state in which its members are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). If a member is itself an LLC, its members will determine its citizenship, which will in turn determine the citizenship of the LLC of which it is a member. Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007).

Defendant Chrysler LLC ("Chrysler"), formerly DaimlerChrysler Corporation, contends that this Court lacks subject matter jurisdiction because diversity is lacking. Chrysler asserts that

Plaintiff has failed to demonstrate diversity, and that Chrysler is unaware of its own citizenship because it "does not maintain or have custody of the business records of its members and consequently cannot confirm that none of its respective members are citizens of Florida for purposes of diversity jurisdiction." See Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction, at ¶ 9. However, Chrysler concedes that its only two members, Chrysler Holding LLC and CarCo Intermediate HoldCo II, LLC, are both Delaware LLC's. See Aff. Of Louann Van Der Wiele, sworn to April 16, 2008 (dkt # 13). The citizenship of the members of Chrysler Holding LLC and CarCo Intermediate HoldCo II, LLC determine the citizenship of those entities, which will in turn determine the citizenship of Chrysler. Guardsmark, LLC, 487 F.3d at 534. Given that Chrysler disavows knowledge concerning the citizenship of the members of Chrysler Holding LLC and CarCo Intermediate HoldCo II, LLC, Plaintiff may conduct jurisdictional discovery to ascertain the citizenship of their members.

    B.    <u>Motion to Dismiss for Failure to State a Claim</u>

        1. Loss of Consortium

Chrysler asserts that Plaintiff's loss of consortium claim (Count III) should be dismissed because it is derivative of a claim for personal injury and does not survive the death of the injured party. Section 46.021, Florida Statutes, states that "[n]o cause of action dies with the person. All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law." § 46.021, Fla. Stat. When the death of a person is caused by the wrongful act or negligence of any person, the Florida Wrongful Death Act provides for a cause of action to be brought by the personal representative of the decedent for the benefit of the decedent's

survivors. § 768.19-20, Fla. Stat. However, the Act also states that "[w]hen a personal injury to the decedent results in death, no action for the personal injury shall survive." § 768.20, Fla. Stat. Under the Florida Wrongful Death Act, a surviving spouse may recover damages for the value of lost support and services, loss of companionship and protection and for mental pain and suffering. § 768.21, Fla. Stat. Surviving children may recover damages for the value of lost support and services, and if the child is a minor, for loss of parental companionship, instruction, and guidance, and for mental pain and suffering. Id.

A claim for loss of consortium seeks compensation for the loss of affection, solace, comfort, companionship, sexual relations, conjugal life, fellowship and assistance. Gates v. Foley, 247 So.2d 40, 43 (Fla. 1971) (finding that a spouse's loss of consortium claim was barred by an adverse finding on the merits of the personal injury claim because loss of consortium is derivative in nature and dependant on the personal injury claim). There is a split in the Florida District Courts of Appeal concerning whether a loss of consortium claim survives the death of the injured party. *Compare* ACandS, Inc. v. Redd, 703 So.2d 492, 494-95 (Fla. 3d DCA 1997) (holding that a claim for loss of consortium does not survive the death of the injured party because it is derivative of a personal injury action), *with* Taylor v. Orlando Clinic, 555 So.2d 876, 878 (Fla. 5th DCA 1989) (finding that loss of consortium claim survives the death of the injured party). This Court agrees with the reasoning of ACandS, Inc. v. Redd, and adopts its holding for the reasons stated therein. 703 So.2d at 494-95. Moreover, the losses for which Plaintiff seeks recovery under the loss of consortium claim are provided for in the Florida Wrongful Death Act. Therefore, Plaintiff's claim for loss of consortium is dismissed.

2. Breach of Warranty

4

Chrysler asserts that Plaintiff's breach of warranty claim (Count IV) should be dismissed because Plaintiff is not in privity with Chrysler. "Under Florida law, privity of contract is an essential element of a claim for breach of implied warranty." Bailey v. Monaco Coach Corp., 168 Fed. Appx. 893, 894-95 n.1 (11th Cir. 2006); Rees v. Engineered Controls Int'l, Inc., 06-cv-1558-Orl-19JGG (PCF), 2006 WL 3162834, at *2 (M.D.Fla. 2006) (stating that "[s]ince 1988, Florida law has required privity of contract between the manufacturer of the allegedly defective product and the consumer of such [product] in order for the consumer to assert an implied warranty claim."); Kramer v. Piper Aircraft Corp., 520 So.2d 37, 39 (Fla. 1988). "[W]here a plaintiff purchase[s] a defective product from a dealer and not directly from the defendant, the absence of privity [is] legally dispositive and the claim of breach of implied warranty fails as a matter of law." Montgomery v. Davol, Inc., 07cv176 (RV), 2007 WL 2155644, at *2, (M.D.Fla. 2007) (quotation marks omitted). Here, Plaintiff has failed to allege privity of contract and the existence of privity between Plaintiff and Defendants cannot be inferred from the pleadings. Therefore, Plaintiffs breach of warranty claim fails as a matter of law.

### III.    CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Chrysler LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (dkt # 12) is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery (dkt # 23) is GRANTED. Plaintiff may conduct jurisdictional discovery to ascertain the citizenship of Chrysler, the citizenship of members of Chrysler Holding LLC and CarCo

Intermediate HoldCo II, LLC, and any of the members of those entities that may be an LLC. It is further

ORDERED AND ADJUDGED that Chrysler LLC's Motion to Dismiss Counts III and IV for Failure to State a Claim (dkt # 12) is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of May, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record